IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD COLE,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>M. SPAETH, et al.,<br><br>　　　　　　Defendants.<br>_____/ | CASE NO. CV-F-06-1819 AWI DLB P<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF BE DENIED<br><br>**OBJECTIONS DUE April 26, 2007**<br><br>[Doc. 14] |

　　　　Plaintiff is a state prisoner proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983. Now pending before the court is plaintiff's motion for preliminary injunctive relief, filed March 23, 2007. Plaintiff once again seeks a preliminary injunction requiring defendants to provide medical care and transfer him to a facility where medical disability vests are available.

　　　　The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable

1  injury." Id. Also, an injunction should not issue if the plaintiff "shows no chance of success on the
2  merits." Id. At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits,
3  or questions serious enough to require litigation." Id.

4  "A federal court may issue an injunction if it has personal jurisdiction over the parties and subject
5  matter jurisdiction over the claim; *it may not attempt to determine the rights of persons not before the*
6  *court*." Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985) (emphasis
7  added). As plaintiff was previously informed, he is not entitled to preliminary injunctive relief until such
8  time as the court finds that his complaint contains cognizable claims for relief against the named
9  defendants and the named defendants have been served with the summons and complaint. At this
10 juncture, plaintiff's motion for preliminary injunctive relief is premature. Plaintiff may file another
11 motion for preliminary injunctive relief at a later stage. Plaintiff is cautioned to any further motions for
12 preliminary injunctive relief that are filed before defendants are served with process in this case will be
13 denied as premature.

14 Based on the foregoing, the court HEREBY RECOMMENDS that plaintiff's motion for
15 preliminary injunctive relief, filed on March 23, 2007, be denied, without prejudice, as premature.

16 These Findings and Recommendations will be submitted to the United States District Judge
17 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Plaintiff may file written
18 objections with the court on or before April 26, 2007. The document should be captioned "Objections
19 to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections
20 within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951
21 F.2d 1153 (9th Cir. 1991).

22
23
24        IT IS SO ORDERED.
25    Dated:    **April 9, 2007**              **/s/ Dennis L. Beck**
   3c0hj8                                  UNITED STATES MAGISTRATE JUDGE
26
27
28