# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD COLE, | CASE NO. 1:06-cv-1819-AWI-DLB PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANTS' MOTION TO DISMISS BE GRANTED, AND THIS ACTION BE DISMISSED FOR FAILURE TO EXHAUST |
| v. | |
| M. SPAETH, et al., | |
| Defendants. | (Docs. 35, 36) |

I.  Procedural History

Plaintiff Donald Cole ("plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed his complaint on December 14, 2006. (Doc. 1). This action is proceeding on plaintiff's amended complaint, filed May 21, 2007, against defendants Spaeth, Akanno and Patel on plaintiff's Eighth Amendment medical care claim.(Doc. 24).

On October 15, 2007, pursuant to Federal Rule of Civil Procedure 12(b), defendants filed a motion to dismiss for failure to exhaust the available administrative remedies, and for failure to state a claim upon which relief could be granted. (Doc. 35.) Plaintiff filed an opposition on October 23, 2007. (Doc. 36.)

II.  Defendants' Motion to Dismiss for Failure to Exhaust

A.  Legal Standard

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner

confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners must complete the prison's administrative process, regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can provide some sort of relief on the complaint stated. Booth v. Churner, 532 U.S. 731, 741 (2001). The section 1997e(a) exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532 (2002), and exhaustion must occur prior to filing suit, McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which defendants have the burden of raising and proving the absence of exhaustion. Jones v. Bock, Nos. 05-7058, 05-7142, 2007 WL 135890, at *11 (Jan. 22, 2007) (citing Porter, 435 U.S. at 524); Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. Wyatt, 315 F.3d at 1119 (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)). In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20. If the Court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. Id.

B.   Discussion

The California Department of Corrections has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1 (2006). The process is initiated by submitting a CDC Form 602. Id. at § 3084.2(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." Id. at § 3084.5. Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level. Id. at §§ 3084.5, 3084.6(c). In order to satisfy section 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit. Woodford, 126 S.Ct. at 2383; McKinney, 311 F.3d at 1199-1201.


In his amended complaint, plaintiff states that he suffers from a bone disease that prevents him from extending or bending his arms. (Doc. 24, p.4). Plaintiff indicates that he filed a CDC 1824 "Reasonable Modification or Accommodation Request" form on August 16, 2006, seeking a transfer to a medical facility that could assist him with his daily life activities, and requesting that the medical information in his C-file be updated. Plaintiff was interviewed on November 28, 2006, and his request was denied on December 8, 2006, on the grounds that plaintiff could not use the CDC 1824 form because plaintiff was no longer a participant in the Disability Placement Program (DPP). Plaintiff alleges that as a result of the denial, plaintiff cannot receive the medical treatment he requires. Plaintiff states that he is permanently disabled, and that he is being denied proper medical care because does not meet the guidelines used establish disability. Plaintiff also states in his amended complaint that he had also filed a "regular appeal" on October 25, 2005, but that it was refused for processing. (Doc. 24, p.2).

Defendants argue that they are entitled to dismissal of this action because plaintiff failed to exhaust the available administrative remedy process. Defendants state that plaintiff's filing of the CDC 1824 constituted the first level of review, and that plaintiff never appealed this decision to the second-level review, the procedure for which was detailed on the CDC 1824 form (Doc. 35, p.6). Defendants note in their motion materials (Doc.35, pp. 6-7), that plaintiff conceded in his amended complaint that he did not pursue his appeal further, because the reasons given for the denial would make plaintiff "unable to successfully complete such process on any grounds." (Doc. 24, p.2). However, in plaintiff's opposition, plaintiff argues that he did in fact attempt to seek further review, but that he "attempted to follow such instructions of the appeal guidlines [sic] with negative results". (Doc.36, p.3). Plaintiff provides no further information detailing his purported attempt to seek a second-level review.

Plaintiff's bare assertion that he filed an inmate appeal is insufficient to defeat defendants' motion. "[Proper] exhaustion of administrative remedies is necessary," Woodford v. Ngo, 126 S.Ct. 2378, 2382 (2006), and "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules . . . ," id. at 2386. The Court is mindful that the failure to respond to a properly filed grievance may result in a finding that exhaustion occurred. Lewis v. Washington,

3

1  300 F.3d 829, 833 (7th Cir. 2002) (when prison officials fail to respond, the remedy becomes
2  unavailable, and exhaustion occurs); Foulk v. Charrier, 262 F.3d 687, 698 (8th Cir. 2001) (district
3  court did not err when it declined to dismiss claim for failure to exhaust where prison failed to
4  respond to grievance); see also Brown v. Valoff, 422 F.3d 926, 943 n.18 (9th Cir. 2005). Here,
5  plaintiff has not submitted any evidence demonstrating that he filed an appeal to the second-level
6  for review after receiving the December 2006 decision. Further, defendants have submitted evidence
7  indicating that they have no record of plaintiff filing an appeal for second-level of review (Doc. 35,
8  p.14, ¶¶5-8, and Doc. 35, p.20). The Court is satisfied that plaintiff did not exhaust the available
9  administrative remedy process.

10  Plaintiff indicated in his amended complaint that he had previously filed a "regular appeal"
11  on October 25, 2005, but that it was refused for processing (Doc. 24, p.2). The decision for which
12  plaintiff is now seeking relief was rendered in December 2006. Therefore, plaintiff's complaint for
13  relief did not accrue until December 2006, and plaintiff's prior appeals concerning his medical care
14  are irrelevant in determining whether plaintiff has exhausted all available administrative remedies
15  related to his present claim.

16  Finally, to avoid confusion, this Court feels obligated to address defendants' contention, as
17  raised in their motion materials, that defendants had no record of any administrative grievance (ie.,
18  any CDC 602 form) filed by plaintiff in October 2006. (Doc. 35, p.7). First, a review of plaintiff's
19  amended complaint shows that plaintiff did not allege that he filed an appeal in October 2006, but
20  on October 25, 2005 (Doc. 24, p.2). This matter has already been addressed in the preceding
21  paragraph. Second, it appears that plaintiff did in fact complete an appeal form on October 25, 2006.
22  This appeal form is not referenced in either plaintiff's amended complaint, nor in plaintiff's
23  opposition to defendants' present motion. However, a copy of the appeal form was included with
24  plaintiff's original complaint (Doc 1, p.4). As explained above, plaintiff's present claim concerns
25  the denial of his CDC 1824 request, which was filed in August 2006. Plaintiff did not receive a
26  decision concerning his request until December 2006. Therefore, plaintiff's October 25, 2006 appeal
27  form is not relevant to the present proceedings.
28  ///

III.   Defendants' Motion to Dismiss for Failure to State a Claim

The court finds that plaintiff has not exhausted the available administrative remedies and that defendant is entitled to dismissal of the action on this ground. Based on the court's finding that plaintiff did not exhaust the available administrative remedies prior to filing suit, the court does not reach defendant's other arguments. See Perez v. Wisconsin Dep't of Corr., 182 F.2d 532, 534 (7th Cir. 1999) (vacating judgment and remanding with instructions to dismiss for failure to exhaust in case where district court granted summary judgment to defendants on the merits and did not rule on their pending motion for dismissal based on failure to exhaust).

IV.   Conclusion

Plaintiff did not pursue his appeal to the second or third level of review, and therefore failed to exhaust the available administrative remedies. Accordingly, the court HEREBY RECOMMENDS that defendant's motion to dismiss for failure to exhaust, filed October 15, 2007, be GRANTED, and this action be dismissed, without prejudice, based on plaintiff's failure to exhaust.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **March 13, 2008**            /s/ **Dennis L. Beck**
                                        UNITED STATES MAGISTRATE JUDGE